1

2

3

4

5

6

7

8

9                        IN THE UNITED STATES DISTRICT COURT

10                      FOR THE EASTERN DISTRICT OF CALIFORNIA

11   JAMES DANIEL GREY,

12            Petitioner,                    No. 2:05-cv-01722 ALA (HC)

13        vs.

14   JAMES A. YATES, _____ ORDER

15            Respondent.

16   _____/

17        Petitioner is a state prisoner proceeding *pro se* with an application for a writ of habeas

18   corpus brought pursuant to 28 U.S.C. § 2254(a).  On November 22, 2002, a Sacramento County

19   Superior Court jury convicted Petitioner of twenty counts of lewd and lascivious acts on a minor

20   under the age of fourteen, between March 27, 1994, and March 26, 1995, in violation of Cal.

21   Penal Code § 288(a); and one count of continuous sexual abuse of a minor under the age of

22   fourteen, in violation of Cal. Penal Code § 288.5(a).  Petitioner was sentenced to a term of

23   twenty consecutive two-year terms for violation of § 288(a), and a term of twelve-years for

24   violation of § 288.5(a), totaling fifty-two years to run consecutively.  (Case No. 02F03026).

25

26

I

A

On November 25, 2002 Petitioner filed a direct appeal of his conviction on four grounds: (1) improper charging order; (2) improper admission of hearsay; (3) improper admission of prior bad acts evidence; and, (4) improper jury instruction.  On January 28, 2004, the California Court of Appeal, Third Appellate District, affirmed Petitioner's conviction.  (Case No. C042741).

B

On March 1, 2004, Petitioner filed a petition for review in the California Supreme Court. The petition was summarily denied on April 14, 2004.  (Case No. S122928).

C

Petitioner filed the instant application for a writ of habeas corpus on July 1, 2005. Respondent admits that Petitioner has exhausted the claims in the instant petition before the California Supreme Court on direct appeal.

II

Petitioner sets forth three claims in the instant application.  First, Petitioner claims his right to due process and statutory construction were violated by the trial court when it improperly charged Petitioner with numerous sex offenses entirely based on "generic testimony."  Second, Petitioner claims his right to due process was violated when the trial court wrongfully admitted tape-recorded testimony of the alleged victim.  Last, Petitioner claims his right to due process was violated by the trial court when it allowed prior bad acts testimony to be admitted.

III

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an

2

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d).

Under § 2254(d)(1), "[a] state court decision is 'contrary to'. . . clearly established [United States Supreme Court] precedents if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases,' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (citing and quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant habeas corpus relief if the state court identified the correct governing legal principle from Supreme Court precedent, but unreasonably applied that principle to the facts of the case at bar. *Williams*, 529 U.S. at 413. A federal habeas court, however, "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous'").

A

Petitioner contends that his right to due process was violated by an improper accusatory pleading that charged him with twenty counts of lewd and lascivious acts on a minor under the age of fourteen, between March 27, 1994, and March 26, 1995, in violation of Cal. PenalCode § 288(a), and one count of continuous sexual abuse of a minor under the age of fourteen, in violation of Cal. PenalCode § 288.5(a). According to Petitioner, the alleged offenses all

occurred between March 27, 1994, and March 26 1997, and were based on "generic testimony" that constitute a single offense of continuous child abuse pursuant to California Penal Code section 288.5(a).

Prosecutorial accusatory pleadings violate due process when a charge is filed solely to "retaliat[e] against the accused for lawfully attacking his conviction." *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978) (internal citations omitted).  Reviewing courts must give great deference to the manner in which prosecutors choose to charge an accused.

> [T]he decision to prosecute is particularly ill-suited to judicial review.  Such factors as the strength of the case, the prosecution's general deterrence value, the Government's enforcement priorities, and the case's relationship to the Government's overall enforcement plan are not readily susceptible to the kind of analysis the courts are competent to undertake.  Judicial supervision in this area, moreover, entails systemic costs of particular concern.  Examining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decision-making to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy.  All these are substantial concerns that make the courts properly hesitant to examine the decision whether to prosecute.

*Wayte v. U.S.*, 470 U.S. 598, 607-08 (1985).  Although "the Government retains broad discretion as to whom to prosecute," a reviewing court may inquire into the charging decisions of a prosecutor when the charge is arbitrary or capricious, had a discriminatory effect, and the charge was motivated by a discriminatory purpose.  *Id.* at 607, 608 (internal citations and quotations omitted).

The California Court of Appeal held that the prosecutor's accusatory pleading did not violate Petitioner's right to due process and that Petitioner's argument failed under the express language of Cal. Penal Code section 288.5.[1]  This Court agrees.

The prosecution's charging order conformed with both Cal. Penal Code § 288(a) and § 88.5(a).  Cal. Penal Code § 288(c) states

---

[1]When the state's highest court has summarily denied a petitioner's federal constitutional claims, a federal court must look through the state's highest court's decision and presume that it adopted the reasoning of the last state court that issued a reasoned opinion.  *Ylst v. Nunnemaker*, 501 U.S. 797, 804-806 n.3 (1991).

> No other felony sex offense involving the same victim may be charged in the same proceeding with a charge under this section *unless the other charged offense occurred outside the time period charged* under this section or the other offense is charged in the alternative. A defendant may be charged with only one count under this section unless more than one victim is involved in which case a separate count may be charged for each victim.

Cal. Penal Code § 228(c) (emphasis added).  The prosecution was able to charge petitioner under both §§ 288(a) and 288.5(a) by alleging that the multiple violations of § 288(a) (counts one through twenty) occurred outside of the time period that the violation of § 288.5(a) (count twenty-one) occurred.  Petitioner does not disputed that count twenty-one occurred outside the time period described in the other counts.  Instead, Petitioner argues that the prosecutor arbitrarily chose dates to split the charges, which violates the legislative intent behind the statutes.

The California Court of Appeal summarized the legislative intent behind § 288.5(a), and explained how charging Petitioner with violating both §§ 288(a) and 288.5(a) is consistent with that intent.

> Section 288.5 was enacted to remedy problems of pleading and proof that arise in the prosecution of resident child molesters under section 288. (*People v. Hord* (1993) 15 Cal.App.4th 711, 718-720 ( *Hord* ); *People v. Wilkerson* (1992) 6 Cal.App.4th 1571, 1581 ( *Wilkerson* ).)  In *Hord*, the court explained that the prosecution is not prohibited from charging other sex crimes that occurred outside the time period charged under section 288.5.  "Charging additional crimes is not unfair.  A defendant who committed a crime during an earlier timeframe or who continues to perpetrate sexual abuse for a longer period of time than that required by section 288.5 is more culpable than a defendant who perpetrates the continued abuse for a limited time." ( *Hord, supra,* at p. 20, italics added; *see also Wilkerson, supra,* at p. 1581.)  Moreover, sections 288 and 288.5 do not set forth alternative offenses.  "[T]he [] individual crimes proscribed by section 288, having different elements than does section 288.5, are not lesser offenses necessarily included therein." ( *People v. Valdez* (1994) 23 Cal.App.4th 46, 48, disapproved on another ground in *People v. Johnson* (2002) 28 Cal.4th 240, 244.).

*People v. Grey*, No. C042741 2004 WL 161506 at *3 (Cal. Ct. App. Jan. 28, 2004).  As the Court of Appeal explained, the prosecution did not arbitrarily choose dates to split the charges.

> We also reject defendant's suggestion that the prosecutor acted arbitrarily in severing the 20 alleged violations of section 288, subdivision (a) from the separate violation of section 288.5.  The individual counts were grouped by the

victim's age: counts one through ten alleged violations of section 288, subdivision (a) when she was three; and counts eleven through twenty alleged violations when she was four.  Count twenty-one involved continuous child sexual abuse alleged to have occurred when she was five.  Moreover, the offense alleged in count twenty-one fell within the six-year statute of limitations applicable to violations of section 288.5. (§ 800.)  The earlier counts came within an exception to the statute. (§ 803, subd. (f).)  Inasmuch as the victim testified to more than 65 separate incidents of child sexual abuse over the three-year period, the prosecution's decision to charge defendant in this manner was, if anything, restrained. (*See People v. Cortes* (1999) 71 Cal.App.4th 62, 79-80.)

*Grey* at *3 (Westlaw).

The California Court of Appeal reasonably applied "clearly established Federal law, as determined by the Supreme Court of the United States" in *Bordenkircher v. Hayes*, 434 U.S. 357.  28 U.S.C. § 2254(d)(1).  The charging order was neither arbitrary nor influenced by any retaliatory intent of the prosecutor.  Accordingly, Petitioner is not entitled to habeas relief on this ground.

B

Petitioner claims his right to due process was violated when the trial court wrongfully admitted tape-recorded testimony of the alleged victim pursuant to California Evidence Code section 1360.

Petitioner's entitlement to habeas relief on this ground does not turn on whether a state evidentiary law has been violated, but whether the admission of the evidence "so infected the entire trial that the resulting conviction violates due process."  *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (internal quotation omitted).  Few infractions are fundamentally unfair.  *Id.* at 73 (internal quotation omitted).

Petitioner contends that Cal. Evid. Code § 1360 fundamentally violates due process by creating a "nonreciprocal" hearsay exception that benefits only the prosecution.[2]

_____

[2]Cal. Evid. Code § 1360 provides

(a) In a criminal prosecution where the victim is a minor, a statement made by the

6

Petitioner's due process challenge to Cal. Evid. Code § 1360 was raised and settled in

*People v. Brodit*, 72 Cal.Rptr.2d 154 (Cal. Ct. App. 1998).  As the California Court of Appeal

explained

> [Petitioner's] argument was rejected in *People v. Brodit* (1998) 61 Cal.App.4th
> 1312, 1327 (*Brodit*) . . . . Like [Petitioner], the defendant in *Brodit* relied on
> *Wardius v. Oregon* (1973) 412 U.S. 470 [37 L.Ed.2d 82] to argue Evidence Code
> section 1360 violated due process because it provided a "nonreciprocal" benefit to
> the prosecutor. (*Brodit*, *supra*, 61 Cal.App.4th at p. 1325.) In rejecting that
> argument, the court reasoned that nothing in Evidence Code section 1360 limited
> the hearsay exception to inculpatory evidence. Since both the defense and
> prosecution could make use of the new hearsay exception, it "[did] not create a
> one-way street in favor of the prosecution." (*Id.* at p. 1326.)

*Grey* at *4 (Westlaw).  In affirming the holding in *People v. Brodit* the Ninth Circuit explained

that

>  [a]lthough section[] . . . 1360 may prove helpful to prosecutors more often than
> to defendants, nothing in the text of either section bars a defendant from making
> use of a child's hearsay statements. Accordingly, the California Court of Appeal
> did not apply *Wardius* unreasonably, and we affirm the district court's denial of
> the writ on this claim.

*Brodit v. Cambra*, 350 F.3d 985, 990 (9th Cir. 2003) *cert. denied*, 542 U.S. 925 (2004).

The decision of the California Court of Appeal to deny Petitioner relief on this ground is

----

> victim when under the age of 12 describing any act of child abuse or neglect
> performed with or on the child by another, or describing any attempted act of
> child abuse or neglect with or on the child by another, is not made inadmissible
> by the hearsay rule if all of the following apply:
>
> > (1) The statement is not otherwise admissible by statute or court rule.
>
> > (2) The court finds, in a hearing conducted outside the presence of the jury, that
> > the time, content, and circumstances of the statement provide sufficient indicia of
> > reliability.
>
> > (3) The child either:
>
> > > (A) Testifies at the proceedings.
>
> > > (B) Is unavailable as a witness, in which case the statement may be
> > > admitted only if there is evidence of the child abuse or neglect that
> > > corroborates the statement made by the child."

1  firmly rooted in California precedents, and is therefore entitled to deference.  *See Marshall v.*

2  *Lonberger*, 459 U.S. 422, 438, n. 6 (1983) ("the Due Process Clause does not permit the federal

3  courts to engage in a finely tuned review of the wisdom of state evidentiary rules").  Petitioner

4  has failed to show how the admission of audio-tapes pursuant to Cal. Evid. Code § 1360 "so

5  infected the entire trial that [his] resulting conviction violate[d] due process."  *McGuire*, 502

6  U.S. at 72.  Accordingly, Petitioner is denied relief on this ground.

7                                                     C

8          Petitioner claims the admission of prior sex offenses denied him due process and equal

9  protection.  The evidence admitted against Petitioner was the testimony of Jessica B regarding an

10  "uncharged prior incident of child sexual abuse . . . fourteen years earlier."  *Grey* at *5

11  (Westlaw).  Jessica testified that Petitioner was a family friend who, on one occasions while

12  wrestling with her, attempted to remove her pants.  RT 169-72.  The trial court admitted the

13  testimony under  Cal. Evid. Code § 1360 as proof of the defendant's "propensity" to commit

14  sexual offenses.

15          The admission of prior crimes evidence is an issue that the Supreme Court has expressly

16  stated is not "clearly established [by] Federal law, as determined by the Supreme Court of the

17  United States" as required by 28 U.S.C. 2254(d)(1).  *Estelle*, 502 U.S. at 75 (expressly

18  withholding from opining "on whether a state law would violate the Due Process Clause if it

19  permitted the use of 'prior crimes' evidence to show propensity to commit a charged crime.").

20  Under this circumstance, federal courts may review a state court decision only if the evidence

21  was so prejudicial that its admission violated "fundamental fairness" which is "very narrowly"

22  defined.  *Id.* at 67-68, 73.  Accordingly, Petitioner's entitlement to habeas relief on this ground

23  turns on whether the admission of the evidence "so infected the entire trial that the resulting

24  conviction violates due process."  *Id.* at 72 (internal quotation omitted).

25           In holding the prior crimes evidence admissible, the Court of Appeal looked to the trial

26  court's determination that the evidence was more probative than prejudicial.  The Court of

1  Appeal held that

> [t]he sexual misconduct described by the witness was probative because it was similar to the victim's testimony that defendant rubbed her bare bottom. [citation omitted].  With respect to prejudice, the passage of time-even as much as 30 years-"does not automatically render the prior incidents prejudicial." (*People v. Soto* (1998) 64 Cal.App.4th 966, 978, 991 ( *Soto* ).) In deciding the trial court did not abuse its discretion, the *Soto* court found it significant that the victims of the prior offenses were approximately the same age as the victim in the case before it. [citation omitted].  It continued, "Here, the propensity evidence was extremely probative of [defendant's] sexual misconduct when left alone with young female relatives, and is exactly the type of evidence contemplated by the enactment of [Evidence Code] section 1108.... The prejudice presented by this evidence is the type inherent in all propensity evidence and does not render the evidence inadmissible."  [citation omitted].

9  *Grey* at *5 (Westlaw).

10       The California Court of Appeal's rejection of Petitioner's challenge to the admission of

11  propensity evidence was neither contrary to, nor an unreasonable application of, Supreme Court

12  president.  As the Court of Appeal noted, the admitted evidence was subject to a balancing test

13  by the trial court and the evidence was highly relevant, showing a pattern of sexual acts with

14  minors.  The trial court's decision to admit the evidence of prior crimes was not arbitrary and the

15  admission of this evidence was not so prejudicial that it rendered the trial fundamentally unfair.

16  Accordingly, Petitioner is not entitled to habeas relief on this ground.

17                                      Conclusion

18       As set forth above, the California Court of Appeal's decision denying Petitioner relief

19  was not "contrary to, or involved an unreasonable application of, clearly established Federal law,

20  as determined by the Supreme Court of the United States," nor did it result in "an unreasonable

21  determination of the facts in light of the evidence presented in the State court proceeding." 28

22  U.S.C. § 2254(d).

23  /////

24  /////

25  /////

26  /////

1    Accordingly, IT IS HEREBY ORDERED that Petitioner's application for habeas corpus

2  relief is DENIED.  The clerk is DIRECTED to enter judgment and close the case.

3  DATED: September 29, 2008

4                                                    /s/ Arthur L. Alarcón
                                                     UNITED STATES CIRCUIT JUDGE
5                                                    Sitting by Designation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26